# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| MARVIN FORGUSON and CHRISTIE FORGUSON,[1] | ) ) ) | |
| Plaintiffs, | ) ) | |
| VS. | ) ) | No. 05-1038-T/An |
| CALIFORNIA REO PROPERTY MANAGEMENT CORPORATION, ET AL., | ) ) ) ) | |
| Defendants. | ) ) | |

---

## ORDER DENYING MOTION TO DISMISS
## OF JOYCE SHEARIN AND KELLY SHEARIN

---

The plaintiffs, Marvin Forguson and Christie Forguson, filed this action for declaratory, injunctive and monetary relief on February 11, 2005 against defendants California REO Property Management Corporation ("California REO"); Town & Country Real Estate Company, Inc. (a/k/a Town & Company Realtors), licensed and d/b/a Town & Country Inc., Realtors GMAC ("Town & Country"); The Coach Approach Realty, LLC d/b/a Crye-Leike The Coach Approach Realty, LLC ("Crye-Leike"); Joyce Shearin; Kelly Shearin; Pam Fleming; and Larry Fleming. Plaintiffs assert various causes of action,

---

[1] In the complaint, Ms. Forguson's name is spelled both "Cristie" and "Christie." The customary spelling is "Christie" and that is how the case was docketed.

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on __08-09-05__

28

including breach of contract, misrepresentation, wrongful interference with contractual rights, and breach of fiduciary and other duties. Before the Court is a motion to dismiss on behalf of defendants Joyce Shearin and Kelly Shearin, pursuant to Fed. R. Civ. P. 12(b)(6). The plaintiffs have responded to the motion.

A motion to dismiss under Rule 12(b)(6) tests whether a claim has been adequately stated in the complaint. Rule 8(a) requires the pleader to set forth a short and plain statement of the claim showing an entitlement to relief. In evaluating a motion to dismiss under Rule 12(b)(6), all allegations in the complaint are taken as true and the complaint is construed liberally in favor of the party opposing the motion to dismiss. Westlake v. Lucas, 537 F.2d 857, 858 (6th is that "all a complaint need do is afford the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Id. (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A motion to dismiss under Rule 12(b)(6) is appropriate only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984) (citing Conley, 355 U.S. at 45-46)); Allard v. Weitzman (In re Delorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993). A complaint should not be dismissed because it does not state all the elements giving rise to a legal basis of recovery or because plaintiff misconceived the proper theory or claim if plaintiff is entitled to relief under any theory. Myers v. United States, 636 F.2d 166, 169 (6th Cir. 1981); Thomas W. Garland, Inc. v. City of St. Louis, 596 F.2d 784 (8th Cir. 1979), cert. denied, 444 U.S. 899 (1979). However,

2

legal conclusions or unwarranted factual inferences need not be accepted as true. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987).

This action arises out of a dispute regarding plaintiffs' attempt to purchase a home in Eva, Tennessee. The complaint contains the following factual allegations. The home in question was owned by California REO; Joyce Shearin and Kelly Shearin, realtors with Town & Country, were the listing agents for the property. In November 2004, plaintiffs, who are residents of Indiana, were shown the property by defendant Larry Fleming, who was also a realtor with Town & Country. Plaintiffs made an offer on the property and paid $500 to Larry Fleming to be used as earnest money. Not long thereafter, plaintiffs were notified by defendant Pam Fleming, another realtor with Town & Country, that California REO had made a counter-offer. Plaintiffs accepted that counter-offer and were advised by Pam Fleming that they had a contract with the seller to purchase the property, and that they should begin making preparations to move to Tennessee. Ms. Fleming also told plaintiffs to pay an additional $500 in earnest money, which they did.

The complaint further alleges that plaintiffs sold their home in Indiana for less than full value and moved into an apartment until they could take possession of their home in Tennessee. Mr. Forguson gave notice to his employer and plaintiffs took steps to arrange for financing of the property in Tennessee, including paying for an appraisal. Plaintiffs subsequently notified Larry Fleming and Pam Fleming that the Bank of Camden had agreed to finance the property.

3

On January 21, 2005, at Town & Country's request, plaintiffs executed two documents and returned them to Town & Country. One of the documents was from California REO, entitled "Counter Offer No. 1." The other was a document entitled "Addendum 'A' to Contract." Pam Fleming and another employee of Town & Country, Donna Holcomb, continued to assure plaintiffs that the contract was final and that they could make arrangements to move to Tennessee. Consequently, plaintiffs moved many of their personal belongings to Tennessee.

Approximately one week after signing the addendum to the contract, plaintiffs were informed that Kelly Shearin and Joyce Shearin had left Town & Country to work as realtors for Crye-Leike and had taken the listing on the property with them when they changed companies. Plaintiffs were further informed that Kelly Shearin and Joyce Shearin had arranged for the sale of the property to an unknown person for a higher price and that they would not be able to purchase the property.

Kelly and Joyce Shearin seek dismissal of plaintiffs' claims against them on the grounds that, at all relevant times, they were acting as listing agents for California REO, a principal that was disclosed to and known by the plaintiffs. Under Tennessee law, a known agent of a disclosed principal can be liable for breach of contract only when the "circumstances show that the agent intended to be bound or assumed the obligations under the contract." Menuskin v. Williams, 145 F.3d 755, 770 (6th Cir. 1998) (quoting Holt v. American Progressive Life Ins. Co., 731 S.W.2d 923, 925 (Tenn. Ct. App. 1987)). The

Shearins contend that the complaint contains no allegations that they intended to assume any of the obligations under the contract between plaintiffs and California REO.

While the Shearins' statement of Tennessee law is generally correct, their reading of the plaintiffs' complaint is not. While the plaintiffs do assert a claim for breach of contract, that is not the only claim asserted against the Shearins. Plaintiffs have alleged causes of action for misrepresentation, wrongful interference with contractual rights, and breach of fiduciary and other duties. The status of Kelly and Joyce Shearin as listing agents for California REO does not necessarily insulate them from liability on these claims.

The Court concludes that defendants Kelly and Joyce Shearin have failed to establish that "no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). Therefore, the motion to dismiss is DENIED.

IT IS SO ORDERED.



_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_____
DATE

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 28 in case 1:05-CV-01038 was distributed by fax, mail, or direct printing on August 9, 2005 to the parties listed.

---

Michael L. Weinman
WEINMAN & ASSOCIATES
114 S. Liberty St.
Jackson, TN 38302

Bruce M. Smith
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Russell E. Reviere
RAINEY KIZER REVIERE & BELL
209 E. Main Street
Jackson, TN 38302--114

W. Timothy Hayes
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

Honorable James Todd
US DISTRICT COURT