IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MARVIN FORGUSON and CHRISTIE FORGUSON,[1] | ) ) ) | |
| Plaintiffs, | ) ) | |
| VS. | ) ) | No. 05-1038-T/An |
| CALIFORNIA REO PROPERTY MANAGEMENT CORPORATION, ET AL., | ) ) ) ) | |
| Defendants. | ) | |

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ON BEHALF OF
DEFENDANT CALIFORNIA REO PROPERTY MANAGEMENT CORPORATION

The plaintiffs, Marvin Forguson and Christie Forguson, filed this action for declaratory, injunctive and monetary relief on February 11, 2005 against defendants California REO Property Management Corporation ("California REO"); Town & Country Real Estate Company, Inc. (a/k/a Town & Company Realtors), licensed and d/b/a Town & Country Inc., Realtors GMAC ("Town & Country"); The Coach Approach Realty, LLC d/b/a Crye-Leike The Coach Approach Realty, LLC ("Crye-Leike"); Joyce Shearin; Kelly Shearin; Pam Fleming; and Larry Fleming.  An amended complaint was filed on December 22, 2005, adding Reggie Smith as an additional defendant.  Plaintiffs assert various causes of action,

---

[1] In the complaint, Ms. Forguson's name is spelled both "Cristie" and "Christie."  The customary spelling is "Christie" and that is how the case was docketed.

including breach of contract, misrepresentation, wrongful interference with contractual rights, and breach of fiduciary and other duties. Before the Court is a motion for summary judgment on behalf of California REO. The plaintiffs have not responded to the motion.

Motions for summary judgment are governed by Fed. R. Civ. P. 56. If no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Fed. R. Civ. P. 56(c). The moving party may support the motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The opposing party may not rest upon the pleadings but must go beyond the pleadings and "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Celotex Corp., 477 U.S. at 323.

"If the defendant . . . moves for summary judgment . . . based on the lack of proof of a material fact, . . . [t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). However, the Court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter but only to determine whether there is a genuine issue for trial. Id. at 249. Rather, "[t]he inquiry on a summary judgment motion . . . is . . . 'whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law.'" Street v. J.C. Bradford & Co., 886

2

F.2d 1472, 1479 (6th Cir. 1989) (quoting <u>Liberty Lobby</u>, 477 U.S. at 251-52). Doubts as to the existence of a genuine issue for trial are resolved against the moving party. <u>Adickes v. S. H. Kress & Co.</u>, 398 U.S. 144, 158-59 (1970).

If a party does not respond to a motion for summary judgment, the Federal Rules of Civil Procedure provide that "summary judgment, if appropriate, shall be entered against him." Fed. R. Civ. P. 56(e). The fact that plaintiff did not respond does not require granting defendant's motion. However, if the allegations of the complaint are contravened by defendant's evidence and defendant is entitled to judgment as a matter of law on those facts, then summary judgment is appropriate. <u>Smith v. Hudson</u>, 600 F.2d 60, 65 (6th Cir. 1979).

This case arises out of a dispute regarding plaintiffs' attempt to purchase a home in Eva, Tennessee. The only claim asserted against defendant California REO is that it breached a contract to sell the property in question to the plaintiffs. California REO California REO argues that it is entitled to judgment as a matter of law on this claim.

California REO has submitted the affidavit of Rob Miller, its president, in support of the motion for summary judgment. Miller's affidavit, which is undisputed, establishes that the property in question, which had been through foreclosure proceedings, was owned by Litton Loan Servicing, LP ("Litton"). Litton retained California REO to manage the sale of the property. California REO, in turn, hired Joyce Shearin and Kelly Shearin, realtors with Town & Country, to act as the listing agents for the property. Litton authorized California REO to reject offers and to make counteroffers. However, California REO was not authorized to accept offers or counteroffers to purchase the property; only Litton had that

authority.  The property was listed for sale in June 2004, for $54,000.  (Miller Aff. ¶ 4-9.)

Miller's affidavit shows that on November 26, 2004, the plaintiffs, through their agents, Town & County realtors Larry Fleming and Pam Fleming, made a written offer to purchase the property for $40,000.  Id. ¶ 10.  The plaintiffs paid $500 to the Flemings to be used as earnest money.  (Am. Comp. ¶ 12.)  However, the plaintiffs' initial offer of $40,000 was rejected by California REO.  (Miller Aff. ¶ 11.)

On January 19, 2005, the plaintiffs, again acting through their agents, the Flemings, made a second written offer to purchase the property for $48,000.  That same day, California REO faxed to its listing agents, Joyce Shearin and Kelly Shearin, a written counteroffer to the plaintiffs' second offer.  Id. ¶¶ 12-13.  This counteroffer, which is clearly dated January 19, 2005, consisted of the counteroffer itself and "Addendum A–First Addendum to Contract" which was incorporated by reference into the counteroffer.  The counteroffer contained the following provision:

> EXPIRATION:  Unless acceptance of this Counter Offer is signed by the person receiving it, and communication of acceptance is made by delivering a signed copy in person, by mail, or by facsimile which is personally received, to the person making this Counter Offer or to Rob Miller by 5:00 PM on the third calendar day after this Counter Offer is written (or if checked,  x  date:  January 20, 2005 , time  5:00 PM ), this Counter Offer shall be deemed revoked and the deposit shall be returned to Buyer.

Id. ¶¶ 14-16, Ex. B.  In addition, paragraph R of Addendum A provided that acceptance of the counteroffer was subject to approval by Litton's Executive Committee.  Id. ¶ 17, Ex. B.

There is no evidence in the record as to when California REO's listing agents, the Shearins, transmitted the counteroffer to plaintiffs' agents, the Flemings.  Plaintiffs allege

4

in the amended complaint only that Pam Fleming communicated the counteroffer to them "[a]pproximately one to two weeks after they had returned" to their home in Indiana. Plaintiffs "immediately notified defendant Pam Fleming that they were agreeable to purchasing the property at that price," and agreed to pay an additional $500 in earnest money. Plaintiffs also allege that they were advised by Pam Fleming that "since they had accepted the counteroffer they had a contract with the seller to purchase the property and should begin making the necessary arrangements to finance the property and begin the process of moving to Tennessee." (Am. Compl. ¶ 13.)

Plaintiffs further allege in the amended complaint that they actually received the counteroffer and Addendum A "from defendant Town & Country" on January 21, 2005. Id. ¶ 16. Notwithstanding that the documents contained an expiration date of January 20, 2005 at 5:00 p.m., plaintiffs signed the documents on January 25, 2005 (Miller Aff. Ex. C) and returned them to Town & Country. (Am. Compl. ¶ 16.) California REO received a faxed copy of the signed documents on January 26, 2005. This purported acceptance of the counteroffer was not approved by Litton's Executive Committee. (Miller Aff. ¶¶ 18-19.)

California REO maintains that there was no contract in this case because the counteroffer was not accepted in accordance with its terms, and because a condition precedent was not fulfilled.

Under basic principles of contract law, there must be a meeting of the minds regarding the terms of the contract. Sweeten v. Trade Envelopes, Inc., 938 S.W.2d 383, 386 (Tenn. 1996). Accordingly, "[a]cceptance of an offer must be exactly and precisely in accord with

5

the terms of the offer." <u>Westfall v. Brentwood Serv. Group, Inc.</u>, No. E2000-01086-COA-R3-CV, 2000 WL 1721659, *5 (Tenn. Ct. App. Nov. 17, 2000) (citing <u>Ray v. Thomas</u>, 232 S.W.2d 32, 35 (Tenn. 1950)).

In addition, "[a] condition precedent in the law of contracts may be a condition which must be performed before the agreement of the parties shall become a binding contract or it may be a condition which must be fulfilled before the duty to perform an existing contract arises." <u>Strickland v. City of Lawrenceberg</u>, 611 S.W.2d 832, 837 (Tenn. Ct. App. 1980) (citation omitted); <u>see also</u> <u>Vonkrosigk v. Rankin</u>, No. M1999-02254- COA-R3-CV, 2000 WL 1483209, *2 (Tenn. Ct. App. Oct. 10, 2000). "A contract subject to a condition precedent does not come into being unless that condition is performed." <u>Peak v. Ted Russell Enterprises, Inc.</u>, No. E1999-00286-COA-R3-CV, 2000 WL 222530, *2 (Tenn. Ct. App. Feb. 28, 2000) (internal citations omitted).

The undisputed evidence in the record shows that the counteroffer transmitted to the Shearins on January 19, 2005 contained an unambiguous expiration date of January 20, 2005 at 5:00 p.m. Plaintiffs did not accept the counteroffer in writing within that time period. Thus, by its own terms, the counteroffer was deemed revoked, and no contract was formed. In addition, even if plaintiffs' acceptance was timely, Addendum A required the acceptance to be approved by Litton's Executive Committee, thus creating a condition precedent. Plaintiffs have submitted no evidence refuting the assertion in Miller's affidavit that there was no such approval. Therefore, there is no evidence that a binding contract to sell the property came into being.

As noted, *supra*, plaintiffs allege in the amended complaint that they were told by Pam Fleming that they had a contract to purchase the property after orally accepting California REO's counteroffer.  To the extent that plaintiffs are alleging that an oral contract actually came into being, California REO relies upon the Tennessee statute of frauds.  Pursuant to Tenn. Code Ann. § 29-2-101(a)(4):

> (a)   No action shall be brought:
>
> . . .
>
> (4)   Upon any contract for the sale of lands, tenements, or hereditaments, or the making of any lease thereof for a longer term than one (1) year;
>
> . . .
>
> unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person lawfully authorized by such party.

Therefore, regardless of what Pam Fleming may have advised the plaintiffs, the purported oral acceptance of California REO's counteroffer did not create an enforceable oral contract.

The undisputed evidence in the record shows that no enforceable contract, written or oral, was formed between the plaintiffs and California REO.  Therefore, the Court finds that there are no genuine issues of material fact regarding plaintiffs' breach of contract claim against California REO.  Accordingly, the Court GRANTS the motion for summary judgment filed on behalf of California REO (dkt. #24).

IT IS SO ORDERED.


 s/ **James D. Todd**
JAMES D. TODD

7

UNITED STATES DISTRICT JUDGE